IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NFL ENTERPRISES, LLC, *et al.*,<br><br>　　　　　Defendants. | No. C 17-00496 WHA<br><br>**ORDER RE PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM** |

## INTRODUCTION

In this putative class action for antitrust violations, plaintiff moves for permission to proceed under a pseudonym. The motion is **DENIED**, subject to the last paragraph of this order.

## STATEMENT

On January 31, plaintiff, a former cheerleader for the San Francisco 49ers, brought this action under the pseudonym Jane Doe. The complaint alleges the National Football League and its member clubs conspired to eliminate competition for recruiting cheerleaders and to keep cheerleaders' wages below market value (*e.g.*, Dkt. No. 1 at 3–4). On February 3, plaintiff filed the instant motion, claiming she "will be subject to harassment, injury, ridicule, or personal embarrassment if forced to maintain this action under her legal name" (Dkt. No. 5 at 2). Plaintiff's counsel also submitted a declaration stating that he had discussed the motion with defense counsel the same day and requested that defendants stipulate to the motion, but received no response to his request (Dkt. No. 5-1).

1  This case was assigned to the undersigned on February 16.  As of this order, defense
2  counsel has neither appeared nor opposed plaintiff's motion.

**ANALYSIS**

In this circuit, parties may use pseudonyms in unusual cases when nondisclosure of the party's identity is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

When a pseudonym is used "to shield the anonymous party from retaliation, the district court should determine the need for anonymity" by evaluating (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *Ibid.*  "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party . . . whether proceedings may be structured so as to mitigate that prejudice," and "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities."  "[T]he balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Id.* at 1069.

Here, plaintiff contends cheerleaders need anonymity "to prevent overzealous fans from stalking or otherwise inappropriately contacting" them, and to protect them from "social stigmatization" on account of their revealing uniforms.  According to plaintiff, these concerns are why all NFL cheerleaders appear "in public and on team websites" only with some degree of anonymity (for example, the 49ers' website includes photographs of cheerleaders for only the current year and does not reveal their last names).  Additionally, plaintiff does not want her true name to be associated with this lawsuit because "Former cheerleaders who have filed complaints against the NFL and various NFL teams have been subject to vicious online attacks and harassment, and even stalking" (Dkt. No. 5 at 3–4).

Plaintiff cites no actual threat of any harm against her *specifically*. Rather, she offers as proof of her need for anonymity the declaration of Caitlin Yates, another former NFL cheerleader who filed a class action against the NFL and the Oakland Raiders in 2014. Yates claims the media attention on her case prompted fans to find her online — despite her suing "under the relative anonymity of the name Caitlin Y." — and call her "hurtful, demeaning and profane names" (Dkt. No. 5-2). Plaintiff also offers the declaration of Jessica Doe, who "was subject to constant harassment" and "stalked" during her time as a NFL cheerleader. Jessica Doe recounts that one fan followed her, masturbated to her photograph and outside her house, and made vulgar comments to her on numerous occasions. She also recalls being "grabbed inappropriately by fans" and "called terrible, demeaning, and vulgar names" (Dkt. No. 5-3).

Notably, Yates, who describes retaliation directly linked to her role in a class action against the NFL, suffered relatively unexceptional harassment, whereas Jessica Doe, who recounts incidents of relatively severe harassment and stalking, mentions nothing about participating in any lawsuit or even any public disclosure of her true name. The threat of the harms Jessica Doe describes seems to be based on cheerleading rather than on litigation or public identification (*see, e.g.*, *id.* at 2 ("Some of my fellow cheerleaders experienced similar treatment.")). These declarations, taken together, fail to show that plaintiff would necessarily endure severe harassment or stalking, or reasonably fears such harm, as a result of using her true name in this lawsuit. The declarations likewise fail to show that plaintiff is vulnerable to retaliation relative to, e.g., anyone else who might incur the wrath of loyal fans by suing the NFL. In short, plaintiff has not shown that she has a strong need for anonymity here.

On the other hand, our courts belong to the people, and the public and press have a right to look over our shoulders to see how their court system is being used. This consideration counsels in favor of requiring true names of those who seek to sue others. *See Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042–43 (9th Cir. 2010); *Jessica K. by and through Brianna K. v. Eureka City Schs. Dist.*, No. C 13–05854 WHA, 2014 WL 689029, at *2 (N.D. Cal. Feb. 21, 2014); *Doe v. Texaco, Inc.*, No. C 06-02820 WHA, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006). This is particularly true where, as here, plaintiff

3

seeks to assert class damages claims for antitrust violations. Not only will the public have an interest in understanding the antitrust issues in question, but class members will also have a right to know the identity of their representative in this litigation (if the case goes that far). These interests outweigh the showing made by plaintiff here.

Plaintiff cites *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990 (N.D. Cal. Jan. 12, 2015) (Judge Laural Beeler), a case involving exotic dancers, for the proposition that "highly sensitive" situations involving "social stigmatization" or "sexuality" warrant anonymity (*see* Dkt. No. 5 at 2). But *SFBSC* is distinguishable from our case. For example, in *SFBSC*, both sides *agreed* that "public disclosure of an exotic dancer's true identity presents substantial risk of harm." *Id.* at 992. Here, by contrast, plaintiff has not shown that public disclosure of her identity presents substantial risk of harm. Moreover, the suggestion that exotic dancers and professional cheerleaders share comparable risks of stigmatization, ridicule, or embarrassment because the latter wear revealing uniforms is unpersuasive — particularly since the complaint emphasizes that professional cheerleaders are skilled "female athletes" but does not mention any sensitivity, stigmatization, or sexuality in the profession (*see* Dkt. No. 1).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed under a pseudonym is **DENIED**. For purposes of testing the pleadings, however, and assuming that defendants will move to dismiss under Federal Rule of Civil Procedure 12, the Court will allow plaintiff to use only her true first and last initials in pleadings for the time being. If defendants choose to answer rather than move under Rule 12, or if the complaint survives past the Rule 12 stage, then plaintiff will likely be required to re-file her complaint using her true full name.

**IT IS SO ORDERED.**

Dated: February 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE